# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**JOHNNY KIMBLE,**
        Plaintiff,

    v.                                Case No.  07C0266

**WISCONSIN DEPARTMENT OF**
**WORKFORCE DEVELOPMENT, et al.,**
        Defendants.

---

## ORDER

On March 19, 2007, plaintiff, Johnny Kimble, an African-American male and a supervisor with the Wisconsin Equal Rights Division ("ERD"), brought this action claiming that defendants unlawfully discriminated against him on the basis of race and sex when they failed to give him discretionary raises while giving such raises to white and female supervisory employees.  Plaintiff alleges violations of various federal civil rights statutes, including Title VII of the Civil Rights Act of 1964.  Before me now are defendants' motions to dismiss, or alternatively to limit, plaintiff's Title VII claims.[1]

I address Rule 12(c) motions under the Rule 12(b)(6) standard.  Thomason v. Nachtrieb, 888 F.2d 1202, 1204 (7th Cir. 1989).  Under this standard, the factual allegations in plaintiffs' complaint, taken as true, must give defendants notice of the claims against them and the grounds upon which the claims rest, and must raise plaintiffs' right to relief above a speculative level.  Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1965 (2007).

---

[1] Defendants characterized their motions as Rule 12(b)(6) motions; however, as defendants filed the motions after answering the complaint, they are motions for judgment on the pleadings pursuant to Rule 12(c).  See Fed. R. Civ. P. 12(b), (c).

Plaintiff worked as a supervisor for the Equal Rights Division ("ERD") within the Wisconsin Department of Workforce Development, for around twenty-five years before retiring. During an exit interview with ERD Director Robert Anderson, held in April 2005 after plaintiff announced his retirement, plaintiff stated that he felt that overall his compensation had been inadequate in light of the excellent track record of the department which plaintiff supervised. Mr. Anderson expressed his surprise that plaintiff had not received any discretionary raises, especially when other employees who were subordinate to plaintiff had received such raises. After this meeting, plaintiff investigated the pay and pay rates of other employees and discovered that many supervisory employees at the ERD had received raises when plaintiff had not. At least some of these employees were of European-American descent or female.

Defendants argue that I must dismiss plaintiff's Title VII claims because plaintiff has failed to allege a discrete discriminatory act that constitutes a basis for the claims. Specifically, defendants argue that plaintiff did not allege specific dates, names, or other facts surrounding a discriminatory pay-setting decision, and failed to substantiate any of his allegations regarding other employees' raises with statistics or other evidence. However, at the pleading stage, plaintiff need only provide fair notice of his claims and the grounds upon which they rest. Twombly, 127 S. Ct. at 1965. Plaintiff need not plead facts to make out a prima facie case of discrimination. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 510-13 (2002). The allegations above, taken from plaintiff's complaint, meet this standard.

Defendants also argue that plaintiff's Title VII claims are untimely except for those alleging discriminatory acts that occurred within the 300 days prior to the filing of the EEOC

charge. See 42 U.S.C. § 2000e-5(e). However, based on the discovery rule, plaintiff's Title VII claims did not accrue, and the limitations period in §2000e-5(e) did not begin to run, until he knew or should have known the facts supporting the charge of discrimination. See Cada v. Baxter Healthcare Corp., 920 F.2d 446, 451 (7th Cir. 1990) (noting that the discovery rule applies to federal statutes of limitations); Wislocki-Goin v. Mears, 831 F.2d 1374, 1380 (7th Cir. 1987); Wolfolk v. Rivera, 729 F.2d 1114, 1117-18 (7th Cir. 1984). In this case, plaintiff alleges that he did not find out about his lack of a raise until April 2005, when he found out that other people had received raises. And defendants themselves state that he filed his EEOC charge on April 21, 2005. Thus, taking the allegations in plaintiff's complaint, as well as defendants' assertion regarding the EEOC charge date, as true, plaintiff's Title VII claims are timely.[2]

**IT IS THEREFORE ORDERED** that defendants' motions to dismiss are **DENIED.**

Dated at Milwaukee, Wisconsin this 2 day of April, 2008.

/s
LYNN ADELMAN
District Judge

---

[2] Defendants also argue that because plaintiff failed to plead a discrete discriminatory act, the discovery rule is inapplicable. However, as discussed above, plaintiff's complaint sufficiently states a claim under Title VII.

3