IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

JOHNNY KIMBLE

    Plaintiff,

v.                                                  Case No. 07-C-0266

WISCONSIN DEPARTMENT OF
WORKFORCE DEVELOPMENT, and
J. SHEEHAN DONOGHUE,

    Defendants.

JOINT FINAL PRE-TRIAL REPORT

The above-referenced parties, by their attorneys, submit this joint pretrial report as follows:

**1.    A.    SUMMARY OF FACTS**

Johnny Kimble is an African-American male who worked for the Department of Workforce Development, Equal Rights Division[1] as a supervisor of the Milwaukee office of the Civil Rights Bureau from 1976 until he retired in 2005. In that time, he occasionally received lump-sum discretionary payments, but he never received a discretionary base-building raise.

By contrast, Georgina Taylor, James Chiolino and Michael Dixon are all white; Taylor is female and Chiolino and Dixon are male. All three also worked as supervisors for the Equal Rights Division (ERD). Taylor worked as a supervisor in the Madison office of the Civil Rights Bureau and Chiolino and Dixon worked as supervisors in the

---

[1] The Equal Rights Division was previously in the Department of Industry, Labor, and Human Relations (DILHR), until a reorganization in 1996.

Labor Standards Bureau. Their offices were also in Madison. All three received base-building discretionary raises, alternatively called Performance Recognition Awards or Discretionary Compensation Awards, initiated by Division Administrator J. Sheehan Donoghue.

In the case at bar, Kimble has claimed that he was treated differently from Taylor, Chiolino and Dixon on the basis of race and sex when the Defendants failed to provide him with a discretionary base-building raise such as was provided to these comparable (white) ERD supervisors.

### B. PLAINTIFF'S THEORIES OF LIABILITY

Kimble will show that the reasons offered by the defendant for failing to provide him with a discretionary base-building raise are not credible. From this evidence alone, the court can conclude that the Defendants have engaged in illegal discrimination on the basis of race and sex. Kimble will also show that there is additional evidence of preference in favor of white and female employees, creating a mosaic of evidence from which the court can conclude that the employer engaged in illegal discrimination on the basis of race and sex.

### C. DEFENDANT'S THEORIES OF DEFENSE

The defendants J. Sheehan Donoghue and the Department of Workforce Development deny all the plaintiff's allegations of race and gender discrimination. Defendants contend that the discretionary awards were given by J. Sheehan Donoghue based on the performance of the employees and were not related in any way to the race or gender of the employee.

2. **STATEMENT OF ISSUES**

Did the Defendants engage in illegal discrimination on the basis of sex and race when they failed to provide Plaintiff Johnny Kimble with a discretionary base-building raise or raises? If so, what is the appropriate remedy?[2]

3. **WITNESSES**

    A. Plaintiff intends to call the following witnesses:

        1. LeAnna Ware
        2. Robert Anderson
        3. Pamela Rasche
        4. Georgina Taylor
        5. James Schacht
        6. Kathy Asunto
        7. Ambrosio Rosario
        8. Billy Harris
        9. Robert Flippin
        10. Audrey Korczinski
        11. Linda Stewart
        12. James Drinan
        13. Robert Huppertz
        14. Johnny Kimble

    B. Defendant intends to call the following witnesses:

        1. J. Sheehan Donoghue

---

[2] Pursuant to the stipulation of the parties and the order of this court, the issue of damages will be bifurcated from the upcoming trial.

   2.  Leanna Ware

   3.  Georgina Taylor

   4.  Mike Dixson

   5.  Jim Chiolino

   6.  Robert Anderson

 Defendant Department of Workforce Development reserves the right to call any of the persons on the Plaintiff's list of proposed trial witnesses.

**4. EXPERT WITNESSES**

 The parties do not intend to call any expert witnesses.

**5. EXHIBIT LISTS**

 These lists will be filed separately.

**6. TRANSCRIPT DESIGNATION**

 The parties do not intend to present transcripts to be read into the record as substantive evidence.

**7. ESTIMATE OF TIME TO TRY CASE**

 Plaintiff estimates that it will take 1-2 days to put on his case.

**8. PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW**

 The parties will provide these separately.

| | |
|---|---|
| Date: June 29, 2009 | Date: June 29, 2009 |
| s/ Attorney Brenda Lewison | s/ John R. Sweeney |
| Attorney Brenda Lewison | Assistant Attorney General |
| Law Office of Arthur Heitzer | Wisconsin Department of Justice |
| 633 W. Wisconsin Ave., Suite 1410 | Post Office Box 7857 |
| Milwaukee, WI 53203-1918 | Madison, Wisconsin 53707-7857 |
| (414) 273-1040 x 14 | (608)-264-9457 |
| (414) 273-4859 FAX | (608) 267-8906 (Fax) |
| lewisonlaw@yahoo.com | sweeneyjr@doj.state.wi.us |